**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

FILED

DEC 27 2019

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| NORTHLAND CASUALTY COMPANY, a Connecticut corporation, | No. 19-35085 |
| Plaintiff-Counter-Defendant-Appellee, | D.C. No. 9:13-cv-00232-DLC |
| v. | MEMORANDUM* |
| JOSEPH S. MULROY, dba Yorlum Ranch and Yorlum Ranch, Ltd.; | |
| Defendant-cross-claim Third-Party-Plaintiff-Appellant, | |
| and | |
| NORTHWEST LOG HOMES, LLC; and DUANE KEIM, | |
| Defendants - Appellants | |
| v. | |
| GLACIER INSURANCE OF LIBBY, INC., a Montana corporation, | |
| Third-Party-Defendant. | |

---

&ast;    This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

Appeal from the United States District Court
for the District of Montana
Dana L. Christensen, District Judge, Presiding

Argued and Submitted December 12, 2019
Seattle, Washington

Before: GRABER and BERZON, Circuit Judges, and EZRA,[**] District Judge.

Defendants Joseph S. Mulroy, Duane Keim, and Northwest Log Homes, LLC, timely appeal the district court's grant of summary judgment to Plaintiff Northland Casualty Company in this diversity action applying Montana insurance law. The district court held that the insurance policy does not apply to the construction of the beetle-infested log home because of exclusion l, which excludes from coverage certain damages arising out of the insured's work. Reviewing de novo, Davis v. Guam, 932 F.3d 822, 829 (9th Cir. 2019), we affirm.

1. The district court correctly held that the exclusion applies because there was "'[p]roperty damage' to 'your work' arising out of it or any part of it." The insured failed to treat the logs, and he installed untreated, beetle-infested logs. The damage arose from those acts, even if the damage also arose partly because the log supplier selected beetle-infested logs.

---

[**] The Honorable David A. Ezra, United States District Judge for the District of Hawaii, sitting by designation.

2

2. The subcontractor exemption does not apply. We must "construe ambiguous provisions against the insurer and in favor of extending coverage." Fisher ex rel. McCartney v. State Farm Mut. Auto. Ins. Co., 305 P.3d 861, 866 (Mont. 2013) (internal quotation marks omitted). "An insurance contract is ambiguous if it is reasonably subject to two different interpretations." U.S. Specialty Ins. Co. v. Estate of Ward, 444 P.3d 381, 383 (Mont. 2019) (internal quotation marks omitted). We agree with Defendants that the term "subcontractor"—undefined by the insurance policy—is ambiguous in the abstract. But we nevertheless conclude that, under any reasonable interpretation of the term, the log supplier here was merely a materials supplier and not a "subcontractor."

Defendants urge us to apply the Sixth Circuit's definition of the term "subcontractor" in Mosser Constr., Inc. v. Travelers Indem. Co., 430 F. App'x 417 (6th Cir. 2011) (unpublished). But Mosser held that, in order to qualify as a "subcontractor," the materials supplier either had to perform work on site or, among other things, had to "manufacture the material according to specifications supplied by the general contractor." Id. at 425; accord 9A Steven Plitt et al., Couch on Insurance § 129:19 (3d ed. 2010). Here, the log supplier selected the logs by species and size, and he washed and delivered the logs; the supplier neither performed work on site nor manufactured the logs. The log supplier here was not a

3

"subcontractor" under the Sixth Circuit's definition or any reasonable interpretation of the term.

3. The "reasonable expectations" doctrine does not apply. The policy clearly excludes coverage and no other factor suggests that the insured reasonably expected coverage. See Fisher, 305 P.3d at 867 (holding that a clear exclusion of coverage is a factor in determining the reasonableness of expectations). Defendants properly point to the declarations page as a relevant consideration. Mitchell v. State Farm Ins. Co., 68 P.3d 703, 709–10 (Mont. 2003). But the declarations here—for carpentry work and subcontractor work—are not illusory. Coverage is unavailable in this case only because the damages were to the work itself (rather than to a bystander), the project had been completed, and the log supplier was not a subcontractor.

**AFFIRMED.**

4